NANCY STEFFEN RAHMEYER, Presiding Judge.
I respectfully dissent. The majority opinion finds that the District cannot procedurally waive its sovereign immunity because it is not “personal jurisdiction” as discussed in J.C.W. ex rel Webb v. Wyciskalla, 275 S.W.3d 249 (Mo. banc 2009). As this is a case of first impression,[1] the facts of this case demonstrate why Rule 55.27(g)(1)(A)[2] should apply with the result that the District waived any defense it had based on lack of personal jurisdiction and sovereign immunity. As noted in the majority opinion, the District could purchase liability insurance for tort claims and waive sovereign immunity pursuant to section 537.610. In this case, during discovery, St. John’s requested information concerning the District’s purchase of liability insurance. The District produced an insurance policy declarations page which indicated that it had purchased a liability policy that did not include a provision stating the policy is not meant to constitute a waiver of sovereign immunity. At no time during the nearly two years of litigation and the filing of answers and motions to dismiss, did the District ever indicate it had provided the wrong declarations page and that St. John’s had been misled, up until the time the summary judgment motion was filed.
While there is no evidence of any intent to deceive, or an explanation for the production of the inaccurate declarations page, the District argues that even if the *473 case had been tried to its conclusion, the judgment could be attacked as void. The District contends that it could produce the policy at any time because while it is not subject matter jurisdiction or personal jurisdiction per J.C.W., it is its own unique type of jurisdiction. I believe that does not comport with the holding of J.C.W., and that sovereign immunity is included in personal jurisdiction. The rationale behind personal jurisdiction is that the court may not require a person to respond to a legal proceeding without personal jurisdiction unless the person consents to the court’s jurisdiction and consent may come about in many ways. Most importantly to this case, the person may consent to the jurisdiction of the court and the consent may come about procedurally, as well as substantively. Rule 55.27 provides some of those methods. Whether the District purchased a liability policy and the terms of the policy were exclusively within the District’s knowledge, just as the knowledge whether the proper person had been served under Rule 55.27(g)(1)(B) and (C), is within the exclusive knowledge of the defendant. It seems to be that the better-reasoned policy is that sovereign immunity is a defense and must be raised as a defense at the earliest opportunity.
I would reverse the trial court because the District waived any claim it had to sovereign immunity, and allow the case to proceed.

. I say first impression because, as the majority points out, sovereign immunity has been called an element of plaintiff’s case in chief, but it has also been called "personal jurisdiction,” which at least implies that it is a defense.

. All rule references are to Missouri Court Rules (2013). All references to statutes are to RSMo 2000, unless otherwise indicated.